Filed 4/16/15  P. v. Hill CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065956 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE336393) |
| SAMUEL RUDOLPH HILL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, William J. McGrath, Jr., Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In February 2014, a jury found Samuel Rudolph Hill guilty of three counts of burglary (Pen. Code, § 459;[1] counts 3, 5 and 7) and three counts of petty theft with a

---

[1]    Further statutory references are to the Penal Code.

prior theft conviction and imprisonment (§§ 484, 666, former subd. (b)(1); counts 4, 6 and 8). Hill waived his right to a jury trial on the allegations of prior convictions. In March, the court found that he had suffered one strike (§ 667, subds. (b)-(i)) and had served four prior prison terms (§ 667.5, subd. (b)). In April, the court dismissed the prison priors and sentenced Hill to six years eight months in prison: four years on count 3 (twice the middle term), one year four months each (one-third the middle term, doubled) on counts 5 and 7 and stayed (§ 654) terms on counts 4, 6 and 8. In December, the court recalled the sentence, designated counts three through eight misdemeanors and stayed 180-day sentences on those counts. Hill appeals. We affirm.

## FACTUAL BACKGROUND

On November 18, 2013, a grocery store security camera showed Hill open the jacket he was wearing, conceal bottles of liquor inside and leave the store without paying. Similar incidents occurred on November 23, December 7 and December 11. On December 13, Hill returned to the store and was arrested.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel mentions the following as possible but not arguable issues: (1) whether the court erred in rejecting defense counsel's proposed addition to CALCRIM No. 315, "was the witness able to identify the defendant in a photographic or physical lineup?"; (2) whether the

2

court erred in denying Hill's request for a *Marsden* hearing (*People v. Marsden* (1970) 2 Cal.3d 118) just before the preliminary hearing; (3) as to count 3, whether the record contains substantial evidence that Hill committed a burglary; (4) whether the court abused its discretion in failing to bifurcate the hearing on Hill's 20-year-old robbery conviction; (5) whether Hill was in custody once he was detained so that his statements to the police should have been suppressed (*Miranda v. Arizona* (1966) 384 U.S. 436); (6) whether, in light of Hill's April 2014 letter to the trial court requesting a new trial, the court should have held an evidentiary hearing on that request and a *Marsden* hearing before imposing judgment; (7) whether there was substantial evidence to support the findings that the prison priors were true; and (8) whether the court abused its discretion in denying Hill's motion to dismiss the strike.

We granted Hill permission to file a brief on his own behalf. Mail sent to Hill has been returned to this court[2] and Hill has not filed a brief on his own behalf. A review of the record pursuant to *Wende* and *Anders*, including the possible issues listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues. Hill has been competently represented by appellate counsel.

---

[2] The order granting Hill permission to file a brief on his own behalf was first mailed to him in prison and was returned to this court by the United States Post Office. The order was then sent to an address furnished by Hill's appointed counsel and was returned to this court with the notation "unable to forward."

DISPOSITION

The judgment is affirmed.

AARON, J.

WE CONCUR:

HUFFMAN, Acting P. J.

McINTYRE, J.

4